PHILLIP A. TALBERT
Acting United States Attorney
CHRISTINA McCALL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-0162 TLN |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| DAVID JOHN ALCOCK, | |
| Defendants. | |

Plaintiff United States of America ("government"), by and through its undersigned counsel of record, and defendant David John Alcock ("defendant"), by and through his undersigned counsel of record, hereby jointly request, pursuant to Federal Rule of Criminal Procedure 16(d)(1), Local Rule 141.1, and 18 U.S.C. §§ 3509(d)(3) and 3771(a), that the Court approve the parties' stipulation and enter the proposed protective order below ("Protective Order") governing the disclosure by the government of certain documents and materials containing private and sensitive information, including information that relates to and identifies the alleged victims in the investigation, along with the defendant's personally identifying information. By this stipulation, the parties agree and stipulate as follows:

1. WHEREAS, the defendant is charged in the current Information with one count of production of child pornography in violation of 18 U.S.C. § 2251(a);

2. WHEREAS, the government possesses, and in the future may come into possession of, discovery and other materials in this case that contain, among other things, information and statements

about child victims and child witnesses as those terms are defined in the Child Victims' and Child Witnesses' Rights Act ("the Act"), 18 U.S.C. § 3509, as well as personally identifying information, of the defendant and third parties;

3. WHEREAS, 18 U.S.C. § 3771(a)(8) requires that a crime victim's dignity and privacy be respected, and the Act and 18 U.S.C. § 3509, requires that certain measures be taken to protect child victims' and child witnesses' privacy;

4. WHEREAS, the government wishes to produce and/or make available to the defendant and his counsel the documents and information described above, or similar material that might come into the government's possession in the future, but believes that because of the nature of such documents and information, it is appropriate for the Court to enter a protective order containing the provisions below;

5. WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a private agreement is not appropriate in light of the nature of the information at issue and the charges in this case;

6. WHEREAS, the defendant has counsel who wishes the opportunity to review the discovery and other materials; and

7. WHEREAS, the parties agree that the ability of defense counsel to adequately advise the defendant will be enhanced by the approval of this protective order.

The government and the defendant, by and through their respective counsel of record, hereby agree and stipulate to a Protective Order with the following provisions:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, 18 U.S.C. §§ 3509(d)(3) and 3771(a), and its general supervisory authority.

2. Some materials to be provided or made available by the government to the defendant as discovery or out of an abundance of caution relate to, or contain private and sensitive information about, alleged victims and individuals other than the defendant, are not public information, and include, but are not limited to: investigative or agency memoranda or reports; victim or witness statements; recorded interviews; personally-identifying information; and sensitive victim-related information, including but

not limited to the name of or information about a victim or child witness. Accordingly, these discovery materials and all copies thereof should be protected from unnecessary dissemination. This information is collectively referred to as the "Protected Discovery."

3. The Protected Discovery produced or made available by the government pursuant to this Protective Order may be used by the defendant, the defendant's counsel, and any employees or agents of the defendant's counsel solely in the defense of this case and for no other purpose. The Protected Discovery is now and will forever remain the property of the United States government. The defendant's counsel will return the Protected Discovery to the government or certify that it has been shredded at the conclusion of the case, unless counsel believes he or she is otherwise required by ethical rule or opinion to retain the Protected Discovery. If counsel believes he or she is subject to an ethical rule or opinion requiring retention of the Protected Discovery, he or she shall notify the government of that decision and securely maintain that Protected Discovery consistent with the remaining terms of the Protective Order.

4. The defendant may view the Protected Discovery in the presence of defense counsel, but may not retain a copy or otherwise disseminate the contents.

5. The defendant's counsel and the defendant shall not disclose any of the Protected Discovery directly or indirectly to any person except those directly assisting the defense (i.e. paralegals, legal assistants, defense investigators, and other attorneys in defendant's counsel's office), persons who are interviewed as potential witnesses in the case, potential experts, or other authorized persons, during the course of the investigation and defense of this case.

6. When providing the Protected Discovery materials to an authorized person, the defendant's counsel must inform the authorized person that the materials are provided subject to the terms of this Protective Order, and provide a copy of the Protective Order. The parties agree that defense counsel, defense investigators, and support staff shall not provide the protected discovery to the defendant or any other witness or copies of the Protected Discovery, except for the limited situations identified in this Order.

7. The Protected Discovery produced by the government shall not be copied or reproduced unless the material is copied or reproduced for authorized persons to assist in the defense, and in the

event copies are made, the copies shall be treated in the same manner as the original material. If defense counsel makes, or causes to be made, any further copies of any of the protected discovery, defense counsel will ensure that the following notation is inscribed on each copy or incorporated onto electronic files: "CONFIDENTIAL – May Not Be Disseminated Except in Accordance with Court Protective Order." Electronic files shall be encrypted.

8. The defendant's counsel shall store the discovery in a secure place and shall use reasonable care to ensure that it is not disclosed to third persons in violation of the Protective Order or 18 U.S.C. § 3509(d).

9. In the event that the defendant obtains new or substitute counsel, the defendant's undersigned counsel agrees to withhold the Protected Discovery materials from new counsel unless and until substituted counsel agrees to be bound by the Protective Order.

10. The defendant's counsel shall be responsible for advising the client, employees, and other members of the defense team of the contents of this Stipulation and the Protective Order.

11. The parties agree to abide by 18 U.S.C. § 3509(d)(2) with regard to court filings. Pursuant to 18 U.S.C. §§ 3771(a)(8) and 3509(d)(2), for a case involving a child victim, the name and other information concerning the child victim shall be redacted in any public court filing.

12. Nothing in this Protective Order shall preclude a party from seeking a more restrictive protective order or other court order with regard to particular discovery items.

13. Nothing in this Protective Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

14. Nothing in this Protective Order shall be construed to affect the application or and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

15. With respect to computer materials alleged to contain child pornography:
    a. Upon request, the applicable law enforcement agents shall make a duplicate copy of the data extractions from defendant's digital devices and any other storage media available for defense analysis;
    b. The duplicate copies of the data extractions from defendant's digital devices and storage media shall be made available for defense counsel, defense counsel staff, or

another member of the defense teams, and the defendant's proposed computer experts to review at a location determined by the investigating agency, for the purpose of preparing for the defense of the above-entitled action. The images on the hard drive and storage media shall not be viewed by any other person;

c. A private room will be provided for the defense examination. No Government agents will be inside the room during the examination, unless requested/permitted by the defense attorney or investigator or expert;

d. The expert or defense counsel will be permitted to bring whatever equipment, books, or records he or she believes may be necessary to conduct the examination;

e. Neither the defense expert nor defense attorneys nor the defense counsel staff shall remove a copy of the data extractions from defendant's digital devices or other storage media from the confines of the law enforcement office;

f. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the expert or defense counsel may copy files or portions of files, provided the forensic integrity of the hard drive(s) is not altered. The expert or defense counsel will certify in writing that he or she has taken no materials which would be considered child pornography, or data capable of being converted into child pornography (under federal law), and that he or she has not caused any child pornography to be sent from the law enforcement premises by any means including by any electronic transfer of files;

g. Except when a defense expert or defense counsel fails to provide this certification, no Government agent, or any person connected with the Government, will examine or acquire in any fashion any of the items used by the expert or defense counsel in order to conduct the defense analysis. Should a defense expert or defense counsel fail to certify that the expert or counsel has not copied or removed child pornography, or data capable of being converted into child pornography, Government agents may then inspect or examine the materials in order to ensure that prohibited child pornography

has not been removed;

h. When the defense indicates that it is finished with its review of the copy of the hard drives, the drives or other storage devices shall be "wiped" clean; and

i. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: September 21, 2021                PHILLIP A. TALBERT
                                         Acting United States Attorney

                                    By:  /s/ Christina McCall
                                         CHRISTINA McCALL
                                         Assistant United States Attorney

Dated: September 21, 2021           By:  /s/ Alexandra P. Negin
                                         ALEXANDRA P. NEGIN
                                         Attorney for DAVID JOHN ALCOCK

## [PROPOSED] ORDER

The Court has reviewed the parties' proposed Stipulation and Protective Order and, for good cause shown, HEREBY ORDERS that the parties' proposed Stipulation and Protective Order is APPROVED with the above-stated terms.

IT IS SO ORDERED.

Dated: September 21, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE