PHILLIP A. TALBERT
Acting United States Attorney
CHRISTINA McCALL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID JOHN ALCOCK,<br><br>Defendant. | CASE NO. 2:21-CR-0162 TLN<br><br>PLEA AGREEMENT<br><br>DATE: SEPTEMBER 23, 2021<br>TIME: 9:30 A.M.<br>COURT: Hon. TROY L. NUNLEY |

## I.   INTRODUCTION

**A.   Scope of Agreement.**

The Information in this case charges the defendant with a violation of 18 U.S.C. § 2251(a) – Sexual Exploitation of a Child ("Count One"). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. No modification of this plea agreement shall be effective unless it is in writing and signed by all parties. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B.   Rule 11(c)(1)(C) Specific Sentence Agreement.**

The government and the defendant agree that a specific sentencing range, set forth below in

PLEA AGREEMENT                                                    1

paragraph VI.C., would be appropriate in this case. Consequently, this plea agreement is being offered to the Court pursuant to Fed. R. Crim. P. 11(c)(1)(C).

Under the provisions of Fed. R. Crim. P. 11(c)(3)(A), the Court may accept or reject the plea agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the Court accepts the plea agreement, the Court will inform the defendant that it will embody in the judgment and sentence the disposition provided for in this plea agreement. If the Court rejects this plea agreement, the Court shall so advise the defendant, allow the defendant the opportunity to withdraw his plea, and advise him that if he persists in a guilty plea the disposition of the case may be less favorable to him than is contemplated by this plea agreement.

## II.     DEFENDANT'S OBLIGATIONS

### A.     Guilty Plea.

The defendant will plead guilty to Count One, sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a). The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant agrees not to ask the Court to withdraw his guilty plea at any time after it is entered unless the Court declines to accept the sentencing range agreed to by the parties.

The defendant agrees that the statements made by him in signing this plea agreement, including the factual admissions set forth in the Factual Basis for Plea attached hereto as Exhibit A, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this plea agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this plea agreement generally.

    1.     Waiver of Indictment:

The defendant acknowledges that under the United States Constitution he is entitled to be indicted by a grand jury on the charges to which he is pleading guilty and that pursuant to Fed. R. Crim. P. 7(b) he agrees to waive any and all rights he has to being prosecuted by way of indictment to the charges set forth in the information. The defendant agrees that at a time set by the Court, he will sign a

written waiver of prosecution by Indictment and consent to proceed by Information rather than by Indictment.

    2.  Remand / Remain in Custody Pending Sentencing.

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. § 3143(a)(2), and he agrees that he will remain in custody upon the entry of his plea.

**B.** **Restitution.**

The defendant agrees the conduct to which he is pleading guilty requires him to pay mandatory restitution to Minor Victim 1 under 18 U.S.C. § 2259. For the charged count, the defendant agrees to pay restitution in an amount determined by the Court, provided the victim submits a sufficient restitution claim. The defendant agrees to pay restitution to the victims of the child pornography he possessed (which is not charged in this case), including the victims described in Exhibit A for the factual basis, in an amount between 3,000 and 5,000 dollars, for each victim who submits a sufficient restitution claim in this case.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding. Payment of restitution shall be by cashier's or certified check made payable to the Clerk of the Court.

**C.** **Fine.**

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is his burden to affirmatively prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation. The government retains the right to oppose the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offense.

**D.** **Special Assessments.**

The defendant agrees to pay a special assessment as ordered by the Court at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant agrees that

PLEA AGREEMENT           3

this special assessment will include:

1. A mandatory special assessment of $100 under 18 U.S.C. § 3013; and
2. A mandatory special assessment of $5,000 under 18 U.S.C. § 3014 if the Court determines that the defendant is a non-indigent person for purposes of 18 U.S.C. § 3014; and
3. A special assessment of not more than $50,000 under 18 U.S.C. § 2559A(a)(3).

If the defendant is unable to pay the special assessment(s) at the time of sentencing, he agrees to earn the money to pay the assessment(s), if necessary, by participating in the Inmate Financial Responsibility Program.

E. **Violation of Plea Agreement by Defendant/Withdrawal of Plea.**

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void this plea agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engaging in any post-plea conduct constituting obstruction of justice. Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. If the defendant violates this plea agreement in any way, the government also shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not

time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a preponderance of the evidence standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

**F.     Forfeiture.**

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a). Those assets include, but are not limited to, the following:

1. Apple iPhone 8 Plus IMEI 358633091357174.

The defendant agrees that the listed asset was used or intended to be used to commit or to facilitate the commission of a violation of 18 U.S.C. § 2251(a).

The defendant agrees to fully assist the government in the forfeiture of the listed asset and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed asset.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding,

administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions. The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### G. Asset Disclosure.

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above.

## III.   THE GOVERNMENT'S OBLIGATIONS

### A. Dismissals/Other Charges.

The government also agrees not to file any additional charges arising from the conduct outlined in the Factual Basis attached hereto as Exhibit A, except if this plea agreement is voided as set forth in this plea agreement generally, or as specifically provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea(s)), VI.B (Stipulated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

**B. Recommendations.**

    1. Acceptance of Responsibility.

The government will recommend a three-level reduction in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**C. Use of Information for Sentencing.**

The government is free to provide full and accurate information relevant to the charged offenses and relevant conduct to the Court and Probation, including Victim Impact Statements, and answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this plea agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) (from Ninth Circuit Model Instruction 8.181):

First, at the time, the victim was under the age of eighteen years;

Second, the defendant used the victim to take part in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)) for the purpose of producing a visual depiction (defined in 18 U.S.C. § 2256(5)) of such conduct; and;

Third, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce or the visual depiction was mailed or actually transported across state lines or in foreign commerce.

The defendant fully understands the nature and elements of the crimes charged in the Information to which he is pleading guilty, together with the possible defenses thereto, and has

discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum Penalty.

The maximum sentence that the Court can impose is 30 years prison, with a mandatory minimum of 15 years of incarceration, a fine of $250,000, a lifetime period of supervised release with a mandatory minimum term of 5 years of supervised release, and a special assessment of $5,100, and an additional special assessment of up to $50,000. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty.

### B. Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release. In certain circumstances, when a person is required to register as a sex offender and then commits certain other federal sex offenses, the court may revoke the supervised release for at least 5 years. The Supreme Court has held that such a revocation requires a finding by a jury, however, not by a judge.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

B. **Stipulations Affecting Guideline Calculation:**

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

| | | |
|---|---|---|
| 1. | Base Offense Level (2G2.1(a)): | 32 |
| 2. | Specific Offense Characteristics: | |
| | Minor 13-16 years old 2G2.1(b)(1)(B): | +2 |
| | Commission of a sexual act (2G2.1(b)(2)(A): | +2 |
| | Knowing distribution (2G2.2(b)(3)): | +2 |
| 3. | Adjusted Offense Level: | 38 |
| 4. | Acceptance of Responsibility: See paragraph III.B.2 above | -3 |
| 5. | Pattern of Activity - prohibited sexual conduct (4B1.5(b)(1)) | +5 |
| 6. | Total Offense Level: | 40 |

7. Criminal History: The parties have reached no agreement regarding the defendant's criminal history, but believe the criminal history category is I.

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for an adjustment based on the defendant's post-plea obstruction of justice (§3C1.1), only if applicable. Both parties agree not to move for, or argue in support of, any other departures from the Sentencing Guidelines. The government reserves the right to argue against any downward variance, and reserves the right to argue that the Court should impose a term of supervised release of at least 20 years.

C. **Specific Sentence Agreement.**

The parties agree that a reasonable and appropriate disposition of this case under the Sentencing Guidelines and 18 U.S.C. § 3553(a), and the sentence to which the parties have agreed is: a total term of imprisonment between 240 and 292 months; a term of supervised release (with conditions set by the Court) between 10 and 20 years; a mandatory special assessment of $100 (if the Court finds that the defendant is indigent; otherwise, the mandatory special assessment is $5,100, as set forth in 18 U.S.C. §§ 3013 and 3014); a special assessment under 18 U.S.C. §§ 2559A as determined by the Court;

restitution as determined by the Court; forfeiture of the items listed in section II.F; and a fine as determined by the Court.

## VII. WAIVERS

### A. Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum term of imprisonment for the offense to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution or special assessment the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this plea agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any

PLEA AGREEMENT                              10

right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea(s), dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

### C. Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### D. Waiver of Interstate Agreement on Detainers Act.

The defendant has discussed with his attorney the potential application of the Interstate Agreement on Detainers Act (IADA) to the above-captioned federal case. The defendant knowingly and voluntarily waives any right or claim he may have under the IADA to the above-captioned federal case, including with respect to any request to be transferred back to the custody of Sacramento County Sheriff, before the hearing for judgment and sentencing in the above-captioned federal case.

### E. Sex Offender Registration.

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any

such sex offender registration requirements. If he resides in California following release from prison, he will be subject to the registration requirements of California Penal Code § 290. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration in California, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

### F. Special Condition of Supervised Release.

Defendant agrees that, based on the nature of the offenses (sexual exploitation of children using smartphones and the internet) and the defendant's criminal history, the Court should impose the following special condition of supervised release, which is reasonably related to deterrence and rehabilitation:

Special Condition (Searches)

> The defendant shall submit his person, residence, workplace, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer in furtherance of the supervision of the defendant at any time, with or without suspicion, or by any federal, state, or local law enforcement officer at any time, with reasonable suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

## VIII.   ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to in writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.     APPROVALS AND SIGNATURES

### A. Defense Counsel.

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 9/23/21

_____
ALEXANDRA P. NEGIN
Attorney for Defendant

### B. Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 9/23/21

_____
DAVID JOHN ALCOCK
Defendant

### C. Attorney for United States:

I accept and agree to this plea agreement on behalf of the government.

Dated: 9·23·2021

PHILLIP A. TALBERT
Acting United States Attorney

_____
CHRISTINA McCALL
Assistant United States Attorney

PLEA AGREEMENT                                13

EXHIBIT "A"

Factual Basis for Plea

On or about February 5, 2020, in the Eastern District of California and elsewhere, the defendant, David John Alcock, used a 13-year-old child (Minor Victim 1 or V1) to engage in sexual acts (as defined in 18 U.S.C. § 2256(2)(a)(i)) with himself, for the purpose of creating video recordings with his Apple iPhone 8 Plus, which had traveled in international and interstate commerce. Alcock had engaged in sexual acts with V1 for months, producing multiple visual depictions of those acts. Alcock sent at least one video recording of V1 engaging in sexual acts to another user over the internet, in exchange for different files depicting children engaged in sexual acts. Alcock's Google account stored two of the videos of Alcock engaging in sexual acts with the child victim. Alcock's iPhone contained nine separate videos of Alcock engaging in sexual abuse of V1.

On the date of his arrest, on his iPhone, which had traveled in international and interstate commerce, Alcock knowingly possessed over two hundred videos depicting the sexual abuse of children, as defined in 18 U.S.C. § 2256. Some of those videos depicted toddlers to children under age 6 being violently sexually assaulted by adult men. Other videos showed children being sexually abused by engaging in acts of oral copulation and intercourse with adults and other children. Some of the videos that Alcock possessed showed children engaging in sexual intercourse and oral copulation with animals. Alcock also knowingly possessed hundreds of images on the phone depicting sexual abuse of children. A large number of those videos and images were created from locations outside of California and were transported over the internet.

I have reviewed the "Factual Basis" information above with my attorney, and agree that it is accurate.

Dated: 9/23/21

_David J. Alcock_
DAVID JOHN ALCOCK, Defendant