HEATHER E. WILLIAMS, #122664
Federal Defender
LEXI NEGIN, #250376
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: (916) 498-5700
Fax: (916) 498-5710
Lexi_negin@fd.org

Attorney for DAVID ALCOCK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00162-TLN |
|---|---|
| Plaintiff, | **SENTENCING MEMORANDUM** |
| v. | Dates:  January 6, 2021<br>Time:   9:30 a.m.<br>Judge:  Hon. Troy L. Nunley |
| DAVID ALCOCK, | |
| Defendant. | |

Mr. David Alcock, by and through undersigned counsel, respectfully requests that the Court sentence him to 20 years (240 months) in prison, to be followed by a term of 20 years of supervised release.  Mr. Alcock specifically requests that the Court recommend that he be designated to a facility where he can be housed in the BOP's "Residential Sex Offender Treatment Program" (located at USP Marion or FMC Devens).  Mr. Alcock further agrees and submits to the $4,000 restitution requested for the benefit of the victim known as Jenny described in the government's sentencing memorandum filed on December 30, 2021 (Dkt. 21).

Due to counsel's disrupted travel schedule over the holidays, counsel respectfully requests that this Court grant leave for the (one day) late filing of this memorandum.  Government counsel graciously does not oppose the late filing of this memorandum and both parties are prepared to go forward with sentencing.

The Presentence Investigation Report (PSR) writer has presented this Court with thorough relevant information that it should consider with respect to the sentencing guidelines as well as the 18 U.S.C. 3553(a) factors, particularly with respect to Mr. Alcock's mental health issues. Demonstrably, this is a man with psychiatric issues as evidence by his observed behaviors during his pretrial detention as well as the history reported by his mother-in-law who has served as his legal guardian since his own mother passed away. The PSR outlines the connections between Mr. Alcock's mentally unstable times and his criminal behavior in such a manner that it is clear that 20 years of incarceration, psychiatric medication and treatment is an appropriate and humane way to meet the goals of sentencing this 48-year-old man.

In addition to all of the material in the PSR, counsel does wish to emphasize Mr. Alcock's very immediate confession to and cooperation with law enforcement. The Court should also consider Mr. Alcock's willingness to resolve his cases in both state and federal court in a manner that has saved not only resources, but anguish for the family of his victim who have already been through so much trauma[1]. Once he is sentenced in federal court he will resolve his state court case and be sentenced to concurrent time that counsel understands will be subsumed by the federal sentence. And of course, if Mr. Alcock is released from prison in his lifetime, he will be on federal supervised release as well as state parole and will be required to register as a sex offender.

Mr. Alcock had episodes during his pretrial incarceration where he was floridly psychotic and unable to communicate with either his state public defender or undersigned counsel. In the times where he was mentally stable with medication, he adamantly expressed a desire to fully accept responsibility in both cases regardless of outcome. Mr. Alcock has never expressed a desire for lenient sentencing. He views himself as evil and deserving of the worst. He believes, sometimes irrationally, that his life is in God's hands and that the ultimate outcome will be determined by God.

Fortunately, ours justice system is not a system of retribution and while the acts he committed bring a groundswell of emotion to any rational human being, this Court has the

---

[1] The victim tragically died in a car accident during the pendency of this case.

Defendant's Sentencing Memo          -2-          *United States v. Alcock,* 2:21-cr-162

demonstrated ability to set aside those emotions and weigh the statutory factors in light of the dictate to impose a sentence that is sufficient but not greater than necessary to meet the goals of sentencing in light of all of the factors, including Mr. Alcock's mental illness and being raised by a mentally ill mother.

A 20-year sentence could very well be a life sentence for Mr. Alcock, who is 48 years old, given the toll such medications like Depakote take on the liver and pancreas[2]. Although the government's argument for a sentence of 292 months is rationally based upon the facts of the case, it does not address parsimony nor why an additional 4 years over the 20-year low end of the Rule 11(c)(1)(C) agreement is necessary to achieve the goals of sentencing. Incarcerating Mr. Alcock for 20 years is a parsimonious sentence. An additional 52 months does not add anything to achieving the goals of sentencing that will not already be achieved by a 20-year sentence.

Mr. Alcock has not had the benefit of the level of supervision provided by federal probation which is rigorous and specifically designed to protect the community. With the kind of supervision that will be provided after his incarceration that will include sex offender treatment, as well as his age, a sentence greater than 20 years is not necessary.

WHEREFORE, in light of all of the information before the Court, Mr. Alcock respectfully requests that this Court sentence him to 240 months in prison to be followed by a 240 month term of supervised release.

DATED: December 31, 2021            Respectfully submitted,

                                    HEATHER E. WILLIAMS
                                    Federal Defender

                                    */s/ Lexi P. Negin*
                                    LEXI P. NEGIN
                                    Assistant Federal Defender
                                    Attorney for David Alcock

---

[2] According to Depakote's black box warning its risks include hepatotoxicity and pancreatitis